Eric Stephenson #9779
Attorney for Plaintiff
360 North Cutler Drive
North Salt Lake, Utah 84054
Telephone: (801) 297-2494
Facsimile:  (801) 297-2511
Email: Eric@Utahjustice.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| Shanel Wheelwright,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Aldous & Associates, PLLC,<br>　　　　　　Defendant. | **COMPLAINT**<br><br>Case Number:<br><br>Judge:<br><br>**JURY DEMANDED** |

COMES NOW Plaintiff, Shanel Wheelwright, by and through counsel and complains as follows:

JURISDICTION AND VENUE

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq.*, and the Utah Consumer Sales Practices Act (UCSPA) Utah Code Ann. § 13-11-1 *et seq.*, as a result of Defendant's illegal, unfair, abusive, negligent, and deceptive efforts to collect a consumer debt.

2. Jurisdiction in this case is founded upon 28 U.S.C. § 1331, § 1367, and 15 U.S.C. § 1692k, which grant the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3.  Venue in this case is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to Plaintiff's claims occurred within this federal judicial district and because the Defendant conducts business and resides in the State of Utah within the meaning of 28 U.S.C. § 1391(b) and (c).

4.  This Court has personal jurisdiction over the Defendant in this case because it has continuous and systematic contacts with the State of Utah including, but not limited to, residing in Utah, conducting business in Utah, regularly collecting or attempting to collect debt from Utah consumers, regularly engaging in consumer transactions with Utah consumers, regularly enforcing agreements with Utah consumers, regularly communicating with Utah consumers by telephone, email, and other instruments of interstate commerce, and by availing itself of the benefits of the Utah judicial system.

<u>PARTIES</u>

5.  The Plaintiff Shanel Wheelwright is a natural person who resides in the State of Utah. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and was affected and harmed by the FDCPA and other violations complained of herein.

6.  Defendant Aldous & Associates, PLLC, is a collection agency regularly conducting business in the State of Utah and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a "person" as defined in Utah Code Ann. § 13-11-3(5), and a "supplier" as defined in Utah Code Ann. § 13-11-3(6). Its principle place of business is located at 4725 S Holladay Blvd Ste 210, Holladay, UT 84117.

7.  Defendant's regular and principle business purpose is the collection of debt it acquired from

another when it was past due.

8. During the course of its efforts to regularly collect past due debt originally owed or due to another, Defendant uses various instrumentalities of interstate commerce such as mail, telephone, Internet, and Internet electronic mail.

<u>FACTUAL ALLEGATIONS</u>

9. In, around, or before January of 2008, Plaintiff may have incurred a financial obligation from Quail Cove Apartments that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Sometime thereafter, that debt fell into default and was acquired by Defendant for the purpose of collecting it from Plaintiff.

11. Sometime thereafter, Plaintiff discovered that the debt was reporting on her credit reports and she subsequently disputed that debt with the three major credit bureaus, TransUnion, Experian, and Equifax but the debt was not removed from Plaintiff's credit reports.

12. Sometime in 2012, Plaintiff again disputed that debt with the three major credit bureaus but the debt was not removed.

13. On or about May 6, 2013, Defendant sent Plaintiff a collection letter on letterhead from a company called Keller Management.

14. On or about May 13, 2013, Defendant sent Plaintiff a collection letter that purported to be a settlement agreement from and with Keller Investment Properties LLC.

15. Upon information and belief, those two letters were deceptive, false, misleading, and unconscionable and violated the Utah Consumer Sales Practices act for, among other things,

the following reasons:

   a. the employee signing the letters falsely indicated or implied that she was an employee of Keller Management or Keller Investment Properties LLC when she was actually employed by Defendant,

   b. the letters did not disclose Defendant's true business name,

   c. the letters concealed Defendant's true involvement in the collection of the debt,

   d. the letters attempted to charge Plaintiff for a transaction she did not agree to,

   e. the letters falsely indicated that replacement or repair was needed when it was not,

   f. the May 13, 2013 letter falsely indicated or implied that the parties had reached a settlement agreement when they had not,

   g. the May 13, 2013 letter was an attempt to induce or trick Plaintiff into waiving her legal rights or to acknowledge the debt in writing,

   h. the May 13, 2013 letter falsely stated that Keller Investment Properties LLC was the creditor and that Plaintiff was indebted to that company even though the creditor was actually Quail Cove Apartments and Keller Investment Properties LLC did not exist on May 13, 2013, and

   i. the letters contained other statements or implications that were also deceptive, false, misleading, and unconscionable and failed to comply with the requirements of the UCSPA.

16. On or about November 14, 2013, Defendant sent Plaintiff a collection letter that purported to be a settlement agreement from and with Quail Cove Apartments. Upon information and

belief, that letter was deceptive, false, misleading, and unconscionable and violated the Fair Debt Collection Practices Act and the Utah Consumer Sales Practices act for, among other things, the following reasons:

    a.   the employee signing the letters falsely indicated or implied that she was an employee of Quail Cove Apartments but she was actually Defendant's employee,

    b.   the letter falsely indicated or implied that Apartment Collections was the creditor and that Plaintiff was indebted to that company even though the creditor was actually Quail Cove Apartments and Apartment Collections did not exist on November 14, 2013,

    c.   the letter did not disclose Defendant's true business name,

    d.   the letter concealed Defendant's true involvement in the collection of the debt,

    e.   the letter attempted to charge Plaintiff for a transaction to which she did not agree,

    f.   the letter falsely indicated that replacement or repair was needed when it was not,

    g.   the letter falsely indicated or implied that the parties had reached a settlement agreement when they had not,

    h.   the letter was an attempt to collect an amount to which Plaintiff did not agree and was not permitted by law,

    i.   the letter was an attempt to induce or trick Plaintiff into waiving her legal rights or to acknowledge the debt in writing,

    j.   the letter did not contain the notices required by 15 U.S.C. § 1692e(11) or 1692g,

    k.   the letter contained other statements or implications that were also deceptive,

false, misleading, and unconscionable and failed to comply with the requirements of the FDCPA and UCSPA.

17. On or about May 2, 2014, Defendant sent Plaintiff a collection letter. That letter was deceptive, false, misleading, and unconscionable and violated the Fair Debt Collection Practices Act and the Utah Consumer Sales Practices act for, among other things, the following reasons:

    a.   the letter attempted to charge Plaintiff for a transaction to which she did not agree,

    b.   the letter mischaracterized the character, amount, or legal status of the debt,

    c.   the letter threatened to communicate credit information known or should be known to be false, including the failure to communicate that a disputed debt is disputed,

    d.   the letter falsely indicated that Defendant had located security and that the Plaintiff won't respond,

    e.   the letter threatened or implied that Defendant would take action that was not lawful or not authorized by any contract between the parties, and

    f.   the letter contained other statements or implications that were also deceptive, false, misleading, and unconscionable and failed to comply with the requirements of the FDCPA and UCSPA.

18. Each of Defendants letters to Plaintiff as discussed herein constitute communications as that term is defined in 15 U.S.C. § 1692a(2) and consumer transactions as defined in Utah Code Ann. § 13-11-3(2).

19. The conduct, actions, and omissions by which Defendant attempted to collect the alleged debt caused Plaintiff damages as described herein and were violations of numerous and multiple provisions of the FDCPA, including but not limited to, 15 U.S.C.§§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692e(11), 1692e(14), 1692f, 1692f(1), 1692f(6), and 1692g, amongst others.

20. The conduct, actions, and omissions by which Defendant attempted to collect the alleged debt as described herein were violations of the UCSPA, including but not limited to Utah Code Ann. § 13-11-4 and 13-11-5.

21. Plaintiff has suffered actual damages as a result of the unlawful collection conduct and communications discussed herein by the Defendant in the form emotional distress, anxiety, frustration, and other negative emotions.

<u>COUNT I</u>
Fair Debt Collection Practices Act

22. Plaintiff hereby incorporates all other allegations set forth in this complaint.

23. In connection with the collection of the alleged debt, Defendant's actions, omissions, communications, and representations as discussed herein constitute numerous and multiple violations of the Fair Debt Collection Practices Act against the Plaintiff including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

24. As a result of each of Defendant's violations of the FDCPA as discussed herein, Plaintiff was harmed as described herein and is entitled to an award against Defendant for her actual

damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and costs pursuant to

15 U.S.C. § 1692k(a)(3).

## COUNT II
Utah Consumer Sales Practices Act

25. Plaintiff hereby incorporates all other allegations set forth in this complaint.

26. In connection with the collection of the alleged debt, Defendant's actions, omissions, communications, and representations as discussed herein constitute numerous and multiple violations of the Utah Consumer Sales Practices Act against the Plaintiff including, but not limited to, each and every one of the above-cited provisions of the UCSPA, Utah Code Ann. § 13-11-1 *et seq.*

27. As a result of Defendant's violations of the UCSPA as discussed herein, Plaintiff was harmed as described herein and is entitled to an award against Defendant for actual damages or $2,000.00 statutory damages (whichever is higher) and attorney's fees and costs from Defendant pursuant to Utah Code Ann. § 13-11-19.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against Defendants jointly and severally as follows:

1. For actual damages in an amount to be determined at trial.

2. For statutory damages in an amount to be determined at trial.

3. For Plaintiff's attorney's fees and costs reasonably incurred in pursuing this action.

4.     For pre-judgment and post judgment interest at the legal rates.

5.     For permission to amend Plaintiff's Complaint should such amendment become

appropriate during the course of discovery.

6.     For such other and further additional relief as may be determined through discovery to be

appropriate and as the Court may find just, equitable, and proper.

JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 1st day of July, 2014.

/s/ Eric Stephenson
Attorney for Plaintiff